# IN THE COURT OF APPEALS OF IOWA

No. 22-1160
Filed June 21, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ANTRELL MARLIN ROBERTS JACKSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer,

Judge.

Antrell Jackson appeals the terms of probation imposed in his criminal

cases. **AFFIRMED.**

Stuart Hoover, East Dubuque, Illinois, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

Antrell Jackson received suspended, concurrent sentences after pleading guilty to forgery, theft in the third degree, and theft in the fourth degree in two cases. The sentences imposed were the agreed-upon sentences, with one exception. Jackson argued for unsupervised probation, while the State argued for supervised probation. The district court imposed supervised probation, primarily citing Jackson's lengthy criminal history. On appeal, Jackson does not claim the district court considered improper factors in imposing supervised probation.[1] He simply reargues why he thinks unsupervised probation would be better—arguments the district court noted that it understood when it imposed supervised probation—and contends the decision to impose supervised probation amounts to an abuse of discretion.

Sentencing decisions are cloaked with a strong presumption in their favor and will only be overturned upon showing of an abuse of discretion or the consideration of improper factors. *State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021). Neither has been shown here. A full opinion would not augment or clarify existing case law, so we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(e) (providing memorandum opinions may be used when "[a] full opinion would not augment or clarify existing case law").

**AFFIRMED.**

---

[1] Jackson has good cause to appeal because he only challenges his sentences. *See* Iowa Code § 814.6(1)(a)(3) (2022) (requiring defendants establish good cause to appeal following a guilty plea to offenses other than class "A" felonies); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").